IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95CR05-03-V-BOYLE-MU

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | <u>ORDER</u> |
| ) | |
| **JACKIE McKUBBIN, a.k.a.** ) | |
|   "**Jack,**" ) | |
|     **Defendant.** ) | |
| _____) | |

**THIS MATTER** comes before the Court on the defendant's "Motion For Reduction Of Sentence Pursuant [To] 18 U.S.C. §3582-(c)(2)," filed March 7, 2005. For the reasons stated herein, such Motion will be <u>denied</u>.

The record of this matter reflects that on January 4, 1995, a multi-count Bill of Indictment was filed, charging the defendant and twenty other persons with violations of federal laws relating to, inter alia, controlled substances and firearms. On March 3, 1995, a written Plea Agreement was filed, whereby the defendant agreed to plead guilty to a charge of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); and he agreed to plead guilty to a charge of transferring a firearm with

the intent that it be used to commit a drug trafficking offense, in violation of 18 U.S.C. §§924(h) and 924(a)(3).

Pursuant to the express terms of the parties' Plea Agreement, the defendant stipulated that "the base offense level 38 [was] subject to the applicable enhancements for 21 U.S.C. §860"--that is, subject to the enhancements which were applicable to convictions for distributing controlled substances near school and other protected areas. Not surprisingly, therefore, at sentencing, the Court included a 2-level enhancement pursuant to U.S.S.G. §2D1.2, due to the unchallenged fact that the conspirators had sold drugs within 1,000 feet of certain protected areas.

Ultimately, the Court determined that the defendant's total adjusted Offense Level was 43; and that, because of his status as a Career Offender, his Criminal History Category was VI. Consequently, since Offense Level 43, Criminal History Category VI yielded a sentence of mandatory life imprisonment, the defendant was sentenced to life imprisonment for the conspiracy conviction and to 10 years imprisonment for the firearm conviction. The defendant did not appeal his convictions or sentences.

However, the defendant did file an unsuccessful Motion to Vacate (see 3:96CV129-V-Boyle); and he unsuccessfully sought to bring three additional successive, unauthorized motions to vacate after he failed with his first one (see this file, documents ## 576, 588, 630, 632, 633 and 636). The defendant also has filed

2

at least one other Motion to Modify Sentence under 18 U.S.C. §3582(c)(2), but such Motion was denied (see this file, documents ## 455 and 472).

Now, by the instant Motion for Reduction under 18 U.S.C. §3582(c)(2), the defendant is seeking a reduction of his sentence from life imprisonment on the basis of Amendment 591 to the U.S. Sentencing Guidelines.  In particular, the defendant asserts that at the time that he was sentenced, it was unclear whether a two-level enhancement under U.S.S.G. §2D1.2 could be applied on the basis of conduct which involved distribution of controlled substances near a protected area, or whether such enhancement was reserved for only those cases where the conviction was imposed for drug dealing in a protected area, such as under 21 U.S.C. §860.  However, after Amendment 591 took effect, it became clear that the subject enhancement is to be applied only where there is a conviction under the relevant statute, or "in a case in which the defendant stipulated to such a statutory violation."

In this case, the defendant contends that he was not convicted under a statute which applies to protected areas, and that Amendment 591 was made retroactively applicable to cases such as his.  Therefore, he contends that his offense level should be decreased by two levels, and he should be re-sentenced to less than life imprisonment.  As is obvious from the factual recitation, however, the defendant is not entitled to any relief.

3

To be sure, the language in the defendant's Plea Agreement reflects his acknowledgment that he was "subject to the applicable enhancements for 21 U.S.C. §860." Such stipulation, therefore, is more than sufficient to support the imposition of the two-level enhancement, notwithstanding Amendment 591.

Equally significant, as the defendant concedes, even in the absence of the subject two-level enhancement, his total adjusted Offense Level and Criminal History Category still are 41/VI, thereby exposing him to a sentence of 360 months to life imprisonment. Consequently, inasmuch as the defendant has failed to disclose any matters which would lead this Court to conclude that his life sentence should be reduced, the instant Motion for Reduction will be **DENIED**.

**SO ORDERED.**

Signed: June 19, 2006

Graham C. Mullen
United States District Judge