IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv131-W
(3:95cr5-03-BOYLE[1])

| | | |
|---|---|---|
| JACKIE McKUBBIN, | ) | |
|     Petitioner, | ) | |
| | ) | |
|    v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's form-Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed January 26, 2009. For the reasons stated herein, Petitioner's Motion will be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record of this matter reflects that on January 4, 1995, a multi-count Bill of Indictment was filed, charging Petitioner and twenty other persons with violations of federal laws relating to, inter alia, controlled substances and firearms. (Case No. 3:95cr5-B, document no. 3). On March 3, 1995, a written Plea

---

[1] The Honorable Terrence W. Boyle, United States District Judge for the Eastern District of North Carolina, presided over Petitioner's criminal proceedings and over most of the related civil proceedings which Petitioner brought in this Court. However, this case now has been reassigned to the Honorable Frank D. Whitney, United States District Judge for the Western District of North Carolina.

Agreement was filed, whereby Petitioner agreed to plead guilty to having conspired to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One), and to having transferred a firearm with the intent that it be used to commit a drug trafficking offense, in violation of 18 U.S.C. §§ 924(h) and 924(a)(3). (Case No. 3:95cr5-B, Doc. No. 111).

On September 29, 1995, the Court conducted Petitioner's Factual Basis and Sentencing Hearing. During that proceeding, pursuant to the express terms of the parties' Plea Agreement, including Petitioner's stipulation to the applicability of "enhancements for 21 U.S.C. §860," the Court added two points to his offense level under U.S.S.G. §2D1.2. Based upon the totality of its findings, the Court concluded that Petitioner's total adjusted Offense Level was 43; that he was a Career Offender; and that his Criminal History Category was VI. Thereafter, Petitioner was sentenced to a mandatory term of life imprisonment for the conspiracy conviction, and to 10 years imprisonment for the firearm conviction. (Case No. 3:95cr5-B, Doc, No. 272). Petitioner did not appeal either his convictions or sentences.

Instead, on April 10, 1996, Petitioner began his assiduous pursuit of collateral relief with the filing of his first Motion to Vacate. See McKubbin v. United States, 3:96cv129-B. However, on November 8, 1996, the Court dismissed that Motion, and, in an

2

unpublished decision, the Fourth Circuit Court of Appeals upheld the dismissal. See McKubbin v. United States, No. 97-6173 (4th Cir. 1997).

Next, on January 22, 2001, Petitioner filed a post-judgment document captioned as a Motion to Dismiss Indictment which was construed as a second/successive motion under 28 U.S.C. § 2255 because it alleged various violations under Apprendi v. New Jersey, 530 U.S. 466 (2000). (Case No. 3:95cr5-B, Doc. No. 576). Not surprisingly, therefore, on May 7, 2001, this Court dismissed that motion for Petitioner's failure to have secured the proper pre-filing authorization as is required under 28 U.S.C. §2244-(b)(3). (Case No. 3:95cr5-B, Doc. No. 588). Petitioner appealed the dismissal of his successive motion, but his appeal also was dismissed by the Fourth Circuit. See United States v. McKubbin, No. 01-6943 (4th Cir. Oct. 26, 2001).

On December 9, 2002, Petitioner filed a motion captioned as a "Motion for Specific Performance of the Plea Agreement between the Government and the Defendant." (Case No. 3:95cr5, Doc. No. 630). However, this Court construed that document as yet another successive, unauthorized motion to vacate and, on January 3, 2003, entered an Order dismissing said motion pursuant to 28 U.S.C. § 2244(b)(3). (Case No. 3:95cr5, Doc. No. 636). Petitioner also was unsuccessful in his appeal of the dismissal of that Motion for Specific Performance. See United States v.

McKubbin, No. 03-6807 (4th Cir. July 31, 2003).

Perhaps having learned from this Court's Orders, Petitioner twice filed motions in the Fourth Circuit Court of Appeals seeking permission to file successive motions to vacate. However, on both occasions, Petitioner's motions were denied. See In Re: Jackie McKubbin, No. 05-464 (October 12, 2005); and In Re: Jackie McKubbin, No. 98-523 (March 12, 1998).

Petitioner now has returned to this Court on the instant § 2255 Motion, contending that he is entitled to be re-sentenced because a 1986 conviction for assault-on-a-female which he reportedly sustained under the alias "William Charles Gilchrist" (in the Superior Court of Mecklenburg County) recently was vacated. Nonetheless, Petitioner still is not entitled to proceed on this successive motion, notwithstanding his strong belief in its potential merit.

## II. ANALYSIS

As Petitioner previously was told on more than one occasion, before a second or successive § 2255 motion can be filed in the district court, the petitioner must "move the appropriate court of appeals for an order authorizing the district court to consider the [motion]." 28 U.S.C. § 2244(b)(3)(A). Indeed, in the absence of such authorization, this Court lacks the authority to even to entertain Petitioner's successive motion. Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

4

Here, Petitioner does not assert, nor is there any indication in the record, that he has secured permission to bring the instant claim. Accordingly, this Court may not entertain the merits of Petitioner's newest Motion to Vacate.

### III. CONCLUSION

Petitioner has brought this successive Motion to Vacate without first having secured authorization for it from the Fourth Circuit Court of Appeals. Therefore, this Court lacks jurisdiction to entertain the merits of the Motion, and must dismiss said action.

### IV. ORDER

Petitioner's successive, unauthorized Motion to Vacate is **DISMISSED without prejudice.**

**SO ORDERED.**

Signed: April 7, 2009

Frank D. Whitney
United States District Judge