IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00580-FDW
(3:95-cr-00005-FDW-3)

| | |
|---|---|
| JACKIE MCKUBBIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

I.   BACKGROUND

On March 13, 1995, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute, and the distribution of cocaine and cocaine base within 1000 feet of a school or playground, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of the transfer of a firearm with the intent that it be used to commit a drug trafficking offense, in violation of 18 U.S.C. §§ 924(h) and 921(a)(3). On September 29, 1995, the Court entered a judgment sentencing Petitioner to a term of life imprisonment on Count 1 and a concurrent term of ten years' imprisonment on Count 19. (3:95-cr-00005, Doc. No. 554: Amended Judgment).[1]

---

[1] An Amended Judgment was filed on September 15, 1999. On May 31, 2007, Petitioner mailed a notice of

1

On or about April 10, 1996, Petitioner filed a § 2255 motion to vacate which was dismissed on November 8, 1996; the Fourth Circuit dismissed Petitioner's appeal. United States v. McKubbin, No. 97-6173 (4th Cir. 1997). (3:96-cv-00129-TWB). On January 22, 2001, Petitioner filed a post-judgment document captioned as a "Motion to Dismiss Indictment" which was construed as a second or successive § 2255 motion because it challenged the legality of Petitioner's sentence based on the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). The motion for relief was dismissed as an unauthorized, successive § 2255 motion. (3:95-cr-00005, Doc. No. 576; Doc. No. 588: Order). The Fourth Circuit dismissed Petitioner's appeal. United States v. McKubbin, No. 01-6943 (4th Cir. Oct. 26, 2001). Petitioner then filed a "Motion for Specific Performance" which was dismissed as yet another unauthorized, successive § 2255 motion and the Fourth Circuit dismissed his appeal. (Id., 636: Order). United States v. McKubbin, No. 03-6807 (4th Cir. July 31, 2003). Next, Petitioner filed unsuccessful applications with the Fourth Circuit to file successive § 2255 motions. (Id., Doc. 517; Doc. No. 656). See In Re: Jackie McKubbin, No. 05-464 (4th Cir. Oct. 12, 2005).

On January 26, 2009, Petitioner filed another § 2255 motion in which he contended that he was entitled to relief from his sentence as a career offender because a 1986 conviction for assault on a female, which he sustained under the alias "William Charles Gilchrist" in Mecklenburg County Superior Court, had recently been dismissed by the district attorney. On April 8, 2009, the § 2255 motion was dismissed as an

---

appeal from the Amended Judgment which the Fourth Circuit dismissed as untimely. United States v. McKubbin, No. 07-6855 (4th Cir. Aug. 23, 2007). (Id., Doc. No. 699).

2

unauthorized, successive § 2255 motion. (3:09-cv-00131-FDW, Doc. No. 1: Motion to Vacate; Doc. No. 2: Order of Dismissal). On April 18, 2012, Petitioner filed a motion to reopen the § 2255 proceeding which the Court denied on June 25, 2012. (Id., Doc. No. 6: Motion to Reopen; Doc. No. 8: Order of Dismissal). On December 18, 2012, the Fourth Circuit dismissed Petitioner's appeal and declined to issue a certificate of appealability. United States v. McKubbin, No. 12-7467 (4th Cir. 2012).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

> movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present § 2255 motion, Petitioner renews his contention that he is entitled to be resentenced without the career offender designation because his assault on a female ("AOF") conviction was dismissed on July 23, 2008, and the court erroneously failed to consider the merits of this argument before dismissing the 2009 motion to vacate. (3:15-cv-00580-FDW, Doc. No. 1: Motion to Vacate at 17). Petitioner further contends that this motion is timely pursuant to § 2255(f)(4) because the dismissal of the AOF conviction represents a "fact" and he filed his 2009 motion to vacate within one year from the date the AOF conviction was dismissed. Assuming without deciding that the 2009 motion to vacate was improperly characterized as a successive petition, Petitioner is still not entitled to collateral relief from his career offender designation.

First, according to Petitioner's presentence report, he was convicted of the AOF offense and two counts of the sale and delivery of cocaine (87CRS18321 and 87CRS18323); thus it would appear that even without the AOF conviction Petitioner still had two qualifying drug convictions. (3:95-cr-00005, Doc. No. 675: Presentence Report ¶¶ 51, 55).

4

Second, Petitioner appealed the dismissal of his 2009 motion to vacate arguing that the motion was improperly characterized as an unauthorized, successive petition, and therefore the court erred in not reaching the merits of Petitioner's argument that he no longer qualified as a career offender. However, the Fourth Circuit dismissed his appeal and declined to issue a certificate of appealability after finding he had failed to make "a substantial showing of the denial of a constitutional right." United States v. McKubbin, No. 12-7467 (4th Cir. Dec. 18, 2012) (quoting 28 U.S.C. § 2253(c)(2)). Accordingly, Petitioner is foreclosed from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

Third, Petitioner's conviction for the drug conspiracy and distribution offense charged in Count 1 of his indictment carried a term of no less than 10 years in prison nor more than life. (3:95-cr-00005, Presentence Report ¶ 88). Therefore, with or without the career offender designation, Petitioner received a sentence that was within the statutory maximum. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment) ("only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 'does not usually apply to errors in the application of the Sentencing Guidelines'") (quoting United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999)).

Fourth, a "misapplication of the sentencing guidelines does not amount to a

miscarriage of justice." United States v. Foote, 784 F.3d 931, 939 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015) (quoting United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) and (citing Pregent, 190 F.3d at 283-84)). There is no doubt that the career offender designation was lawful at the time it was imposed as Petitioner had the predicate convictions, "and while the career offender designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself – then or now.'" Id. at 943 (quoting United States v. Addonizio, 442 U.S. 178, 187 (1979)).

Finally, Petitioner argues that the Court should apply equitable tolling in the event the present motion is found to be untimely under § 2255(f)(4). In certain exceptional circumstances, a petitioner may benefit from the equitable tolling of the one-year statute of limitations. A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 655 2010) (Altio, J., concurring in part and concurring in the judgment) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner was originally sentenced on Counts 1 and 19 in his indictment on September 29, 1995, yet according to his 2009 motion to vacate he did not begin to question his 1986 AOF conviction until December 5, 1995.[2] After this attempt proved unsuccessful, Petitioner waited until January 14, 2003, to file a formal challenge through a motion for appropriate relief in state superior court, which is nearly eight years after his

---

[2] Petitioner did not file an objection to the presentence report's conclusion that he qualified as a career offender. (3:95-cr-00005, Presentence Report at 22-23) (objecting only to enhancement for supervisory role in drug conspiracy and obstruction of justice enhancement).

initial § 2255 motion was dismissed on November 8, 1996. (3:96-cv-00129). (3:09-cv-00131, Doc. No. 1: Motion to Vacate at 18-19).

Petitioner nevertheless contends that he diligently pursued his right to seek collateral review because he filed his 2009 motion to vacate within one year from the date his AOF conviction was dismissed. (3:15-cv-00580, Doc No. 1: Motion to Vacate at 20-21). While this is true, the Court notes that Petitioner waited some (1) seventeen years after his AOF conviction was final; and (2) nearly eight years after he was convicted in federal court, and he filed his first § 2255 motion, to formally contest the conviction in state court through a motion for appropriate relief in 2003. Further, Petitioner waited nearly three years after the Fourth Circuit denied a certificate of appealability to review the dismissal of the 2009 motion to vacate to file the present motion to vacate. (3:09-cv-00131, Doc. No. 1 at 18). See e.g., Arroyo v. United States, 359 F. App'x 118, 121 (11th Cir. 2009) (finding that petitioner failed to act diligently when he did not begin seek records pertaining to state convictions until nine months after federal conviction and he wrote only six letters seeking copies of state records over a three-and-a half year period) (relying, in part, on Johnson v. United States, 544 U.S. 295 (2005) (providing a § 2255 motion may be filed within one year under § 2255(f)(4) from date conviction vacated, provided petitioner exercised due diligence in working to overturn conviction); In re Milton, 155 F. App'x 614, 617 (3d Cir. 2005) (concluding petitioner did not act with due diligence where petitioner took no action to set aside state convictions until 22 months after federal sentence imposed).

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is untimely and he has failed to meet his burden of demonstrating that he is entitled to equitable tolling. Alternatively, the Court finds that the present motion to vacate is an unauthorized, successive motion to vacate and it may be dismissed on that basis. 28 U.S.C. § 2255(h).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: May 18, 2016

Frank D. Whitney
Chief United States District Judge